IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Merchants Bank of Indiana, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:24-cv-177 |
| | ) |
| vs. | ) |
| | ) |
| Cypresswood TX Realty, LLC, and Samuel Goldner, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT TO ENFORCE PROMISSORY NOTE AND GUARANTY**

Merchants Bank of Indiana ("Merchants"), for its Complaint against Cypresswood TX Realty, LLC ("Borrower") and Samuel Goldner ("Guarantor") (collectively, the "Defendants"), alleges as follows:

**Nature of the Action**

1. The purpose of this action is to enforce a commercial loan related to a nursing home facility in Houston, Texas.

2. In short, on May 4, 2021, Merchants agreed to loan up to $25,000,000.00 to Borrower (the "Loan"), which Loan was personally guaranteed by Guarantor. The Loan is now in default due to the Defendants' failure to pay the Loan in full by its maturity on December 10, 2023.

**Parties**

3. Merchants is an Indiana chartered bank with its principal place of business at 410 Monon Blvd., Carmel, Indiana 46032. Merchants' businesses include commercial lending and traditional community banking operations with six depository branches located in Indiana (in Carmel, Indianapolis, Lynn, Spartanburg, and Richmond). Because Merchants is incorporated in Indiana and its principal place of business is in Indiana, Merchants is a citizen of Indiana.

1

4.  Borrower is a Texas limited liability company, is the borrower under the Loan, and has a principal place of business in Houston, Texas. Borrower's sole member is Cypresswood TX Realty Holdings, LLC, a Delaware limited liability company, which also has a principal place of business in Houston, Texas. None of the members of Cypresswood TX Realty Holdings, LLC are citizens of the State of Indiana.

5.  Guarantor personally guaranteed the Loan, is the Manager of Borrower, resides in New York, and is a citizen of New York.

## Jurisdiction and Venue

6.  This Court has jurisdiction over this matter under 28 U.S.C. § 132(a)(1) because this action is between citizens of different states and because the amount in controversy exceeds $75,000, exclusive of interests and costs.

7.  In order to memorialize the Loan, on or about May 4, 2021, Borrower and Merchants entered into a Loan Agreement. A true and accurate copy of the Loan Agreement is attached hereto as **Exhibit A**.[1]

8.  Pursuant to Section 17.24 of the Loan Agreement, Borrower consented to the jurisdiction of, and venue in, this Court. This Court also has personal jurisdiction over Borrower because it committed one or more actionable acts in Indiana.

9.  On or about May 4, 2021, Guarantor executed a Continuing Limited Guaranty in favor of Merchants in which he unconditionally guaranteed payment of the indebtedness owed under the Loan (the "Guaranty"). A true and accurate copy of the Guaranty is attached hereto as **Exhibit B**.

---

[1] Merchants expressly reserves its right to foreclose the Deed of Trust, seek the appointment of a receiver over the nursing home facility and pursue all other available rights and remedies arising out of the security interests pledged as collateral for the Loan.

10. Pursuant to Section 24 of the Guaranty, Guarantor consented to the jurisdiction of, and venue in, this Court. This Court also has personal jurisdiction over Guarantor because he committed one or more actionable acts in Indiana.

11. All conditions precedent to the initiation of this action have been met, performed or waived.

### Count I:  The Promissory Note

Merchants, for Count I against Borrower, states:

12. Merchants incorporates by reference paragraphs 1- 11 as if fully restated herein.

13. On or about May 4, 2021, Borrower executed a Promissory Note (the "Note") in the amount of $25,000,000.00 payable to Merchants. A true and accurate copy of the Note is attached hereto as **Exhibit C**.

14. On or about September 1, 2023, Defendants executed a Confirmation and Amendment of Loan Documents to be effective as of September 7, 2023 that, among other things, reaffirmed and ratified the Note and Guaranty (the "Amendment"). A true and accurate copy of the Amendment is attached hereto as **Exhibit D**.

15. The Note is now in default for, among other things, Borrower's failure to make payments when due, including the failure to pay the Note in full upon maturity of December 10, 2023 (the "Default").

16. As a result of the Default, all of the indebtedness evidenced by the Note and remaining unpaid is due, including without limitation the entire unpaid principal balance and accrued and unpaid interest.

17. As of January 25, 2024, the outstanding principal balance under the Note was $8,900,000.00 and the accrued and unpaid interest equaled $160,852.67.

18. Upon maturity, interest began to accrue at the default rate (defined in the Note) and, as of January 25, 2024, interest continues to accrue at the rate of 3,424.03 *per diem*.

19. Pursuant to Section 4.2 of the Note, in addition to the other sums due and payable, Borrower owes to Merchants an Exit Fee (defined in the Note) in the amount of $267,000.00.

20. All conditions precedent to Merchants' enforcement of the Note against Borrower have been performed, have occurred, or have been excused.

WHEREFORE, Merchants requests that the Court:

A. Enter judgment in favor of Merchants and against Borrower with regard to the Note in the amount, as of January 25, 2024, of $9,327,852.67, consisting of the outstanding principal balance of $8,900,000.00, accrued and unpaid interest of $160,852.67, and the Exit Fee of $267,000.00, plus attorney fees and litigation expenses incurred and expected to be incurred through the entry of judgment, as well as interest that continues to accrue at the rate of $3,424.03 *per diem*; and

B. Grant Merchants all other proper relief.

## Count II:  The Guaranty

Merchants, for Count II against Guarantor, states:

21. Merchants incorporates by reference paragraphs 1 through 20 of its Complaint as if fully restated herein.

22. Guarantor is in default under the Guaranty for, among other things, the Default.

23. The outstanding balance owed on the Guaranty consists of the indebtedness owed under the Note.

24. All conditions precedent to Merchants' enforcement of the Guaranty against the Guarantor have been performed, have occurred, or have been excused.

WHEREFORE, Merchants requests that the Court:

A.  Enter judgment in favor of Merchants and against Guarantor with regard to the Guaranty in the amount, as of January 25, 2024, of $9,327,852.67, consisting of the outstanding principal balance of $8,900,000.00, accrued and unpaid interest of $160,852.67, and the Exit Fee of $267,000.00, plus attorney fees and litigation expenses incurred and expected to be incurred through the entry of judgment, as well as interest that continues to accrue at the rate of $3,424.03 *per diem*; and

B.  Grant Merchants all other proper relief.

Respectfully submitted,

 /s/ *John D. Waller*
John D. Waller, #17600-49
John.Waller@dinsmore.com
David W. Patton, #35333-82
David.Patton@dinsmore.com

*Attorneys for Plaintiff, Merchants Bank of Indiana*

DINSMORE & SHOHL LLP
211 North Pennsylvania Street
One Indiana Square, Suite 1800
Indianapolis, IN 46204
Tel:   (317) 639-6151
Fax:   (317) 639-6444

41414790.1