UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MERCHANTS BANK OF INDIANA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00177-JPH-MG |
| ) | |
| CYPRESSWOOD TX REALTY, LLC, ) | |
| SAMUEL GOLDNER, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON JURISDICTION**

Plaintiff, Merchants Bank of Indiana, has filed an amended complaint alleging that this Court has diversity jurisdiction. Dkt. 26. That amended complaint alleges the citizenship of Defendant Cypresswood Tx Realty, LLC, by stating the residency of the LLC members before alleging their citizenship. *Id.* at 2. Cypresswood has filed a motion to dismiss, arguing that alleging residency before citizenship does not properly plead the citizenship of Cypresswood's members. Dkt. 30 at 1; dkt. 43 at 4. Merchants responds that the amended complaint is not using residency to establish citizenship and that it is not required to give additional facts evidencing citizenship in their complaint. Dkt. 34 at 2–4, 6.

While the amended complaint does not expressly connect residency and citizenship, it does not identify whether the LLC members' citizenship is based on residency, or if there is additional evidence of their citizenship. "[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run." *Heinen v.*

1

*Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012); *see also Myrick v. Wellpoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014) ("Citizenship means domicile (the person's long-term plan for a state of habitation) rather than just current residence."). And regardless of whether jurisdictional facts are challenged, "the court may still insist that the jurisdictional facts be established." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 n.2 (7th Cir. 1993).

Merchants does not bear the only jurisdictional burden; Cypresswood is also required to identify its members' citizenship under Federal Rule of Civil Procedure 7.1. Under that rule, Cypresswood's disclosure statement "must name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1. "Determining citizenship can be complex and may require you to research, among other things, the nature of the entity, the entity's location of incorporation and principal place of business, and *the citizenship of members of unincorporated associations*." Dkt. 7 (notice of Rule 7.1 obligations) (emphasis added). Cypresswood's Rule 7.1 Disclosure Statement, however, does not identify its members' citizenship. *See* dkt. 31.

In short, all counsel have an obligation to analyze subject-matter jurisdiction, *Heinen*, 671 F.3d at 670, and "[a] federal court must assure itself of subject matter jurisdiction in every case," *Boim v. American Muslims for Palestine*, 9 F.4th 545, 551–52 (7th Cir. 2021). Therefore, the Court **ORDERS** the parties to file a joint jurisdictional statement by **August 30, 2024**, stating the citizenship of all parties. The motion to dismiss for lack of jurisdiction

2

remains pending until the parties have filed their jurisdictional statement.

Dkt. 29.

**SO ORDERED.**

Date: 8/12/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel