UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MERCHANTS BANK OF INDIANA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00177-JPH-MG |
| ) | |
| CYPRESSWOOD TX REALTY, LLC, ) | |
| SAMUEL GOLDNER, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION TO DISMISS**

In June 2024, Plaintiff Merchants Bank of Indiana filed an amended complaint alleging that this Court has diversity jurisdiction over this case. Dkt. 26. Defendants Cypresswood TX Realty, LLC and Samuel Goldner filed a motion to dismiss, arguing that Merchants Bank's jurisdictional allegations were insufficient because they did not include specific enough facts about the citizenship of Cypresswood's LLC members. Dkt. 30 at 1; dkt. 43 at 4. Merchants responds it is not required to plead additional facts on citizenship. Dkt. 34 at 2–4, 6.

While the motion to dismiss was pending, the Court ordered the parties to file a joint jurisdictional statement addressing the parties' citizenship. Dkt. 45. That order explained that Federal Rule of Civil Procedure 7.1 requires Defendants to file a disclosure statement that "must name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party." *Id.* (quoting Fed. R. Civ. P. 7.1). In response, the parties filed a joint

1

jurisdictional statement that supplied the Court with sufficient information about the parties to confirm diversity of citizenship. Dkt. 46.

Defendants, however, object to using the parties' joint jurisdictional statement to resolve its motion to dismiss. *Id.* They argue that Merchants Bank had the burden to plead diversity jurisdiction, and that using a Rule 7.1 disclosure to establish diversity of citizenship improperly shifts that burden to Defendants. *Id.* at 2.

Federal Rule of Civil Procedure 7.1 required Defendants to "identify the citizenship of" Cypresswood's members "with its first appearance, pleading, petition, motion, response, or other request addressed to the court." Rule 7.1's committee notes explain that the "disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction." Fed. R. Civ. P. 7.1 Comm. Notes—2022 Am. Those notes add that a "party suing an LLC may not have all the information it needs to plead the LLC's citizenship," and "disclosure is necessary . . . to ensure that diversity jurisdiction exists." *Id.*

In short, Rule 7.1's clear purpose is to aid the Court in efficiently determining whether diversity jurisdiction exists. Here, Defendants have now complied with their Rule 7.1 obligation, and the parties' filings establish diversity jurisdiction. There is therefore no basis for dismissing this case for lack of jurisdiction. *See Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018). In *Dalton*, the Seventh Circuit "conclude[d] that subject-matter

jurisdiction exists" based on the appellee's jurisdictional briefs, even though the appellant bore the burden to show diversity jurisdiction. *Id.* The same approach confirms diversity jurisdiction here. *See* dkt. 46. And, as in *Dalton*, the jurisdictional fight here took more of the Court's and the parties' resources than it should have "to determine whether subject matter jurisdiction exists in this case." 891 F.3d at 689–91 ("It should not have taken us two rounds of jurisdictional statements, oral argument, and supplemental briefing to extract this basic information from the parties.").

    Using Defendants' Rule 7.1 statement to establish jurisdiction does not improperly shift the burden to establish jurisdiction onto defendants, as Cypresswood argues. *See* dkt. 46 at 2. That burden remains on the party invoking federal jurisdiction. *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("Jurisdiction should be ascertained before filing suit in federal court."). Rule 7.1 instead creates an independent obligation that requires the parties to furnish the court with the information needed to evaluate jurisdiction. *See* Fed. R. Civ. P. 7.1 Comm. Notes—2022 Am. ("[D]isclosure is necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity-destroying citizenship."). The Court therefore may use the parties' Rule 7.1 disclosure statements to resolve a jurisdictional challenge. *See* dkt. 46 at 1–4; Fed. R. Civ. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Last, Defendants note that they initially "lacked sufficient information to identify the citizenship" of each individual attributable to them under Rule 7.1, and that the burden to identify their citizenship should have been on Merchants Bank. *Id.* at 2 n.1. If a party believes that Rule 7.1's independent obligation would be unduly burdensome, that party may file a motion for an extension of time to comply with Rule 7.1 until the plaintiff has adequately pleaded jurisdiction or appropriate discovery can be completed. *See* Fed. R. Civ. P. 7.1(a)(2) (requiring a jurisdictional disclosure statement "unless the court orders otherwise"). That is the approach the defendant took in the district court case that Defendants rely on, where one of the defendants, Chess.com, had "hundreds, if not thousands," of LLC members that were "not owned, operated, or controlled by Chess.com." *See Niemann v. Carlsen*, No. 4:22-cv-1110-AGF, 2023 WL 22038 at *2 (E.D. Mo. Jan. 3, 2023) (granting Chess.com's motion "to limit its Disclosure Statement . . . and grant Chess.com an additional time to file its disclosure.").[1] Defendants did not file such a motion here and instead filed their Rule 7.1 disclosure, which confirmed the existence of diversity jurisdiction in this case. With the issue of jurisdiction now resolved, there is no basis for Defendants to seek dismissal of this case for lack of jurisdiction. *See* dkt. 46; *Dalton*, 891 F.3d at 689–91.

---

[1] Defendants also argue that Merchants Bank failed to conduct jurisdictional discovery as required by the court, dkt. 46 at 3, but the Court set a deadline for completing "*any* third-party discovery relating to the elements required for diversity jurisdiction" without mandating that discovery, dkt. 38 at 2 (emphasis added).

4

\*   \*   \*

In this case, the parties' filings establish diversity jurisdiction. Dkt. 46; *see Dalton*, 891 F.3d at 690. Defendants' motion to dismiss for lack of jurisdiction is therefore **DENIED**, dkt. [29], and their motion to stay pending a ruling on their motion to dismiss is **DENIED as moot**, dkt. [50].

**SO ORDERED.**

Date: 10/29/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel